MARKELL LAVELL HOGAN,

        Plaintiff,

        v.                              Case No. 26-CV-770

DOMINIC STRACK,
JAMES KENT,
JAMES KOEHLER,
TONIA ROZMARYNOSKI,
JARED HOY,
CHRISTOPHER STEVENS, and
JODENE PERTTU,

        Defendants.

## SCREENING ORDER

Plaintiff Markell LaVell Hogan, who is currently serving a state prison sentence at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On May 5, 2026, Plaintiff filed an amended complaint. (ECF No. 5.) This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the amended complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The Court finds that Plaintiff lacks the assets and means to pay an initial partial filing fee, so the Court waives that obligation. 28 U.S.C.

§ 1915(b)(4). Plaintiff will be required to pay the $350 statutory filing fee over time as set forth in § 1915(b). Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

At all times relevant to the amended complaint, Plaintiff was housed in GBCI's restrictive housing unit. On June 13, 2025, Correctional Officer (CO) Dominic Strack placed "back of cell and kneel" and "nutraloaf" restrictions on Plaintiff's cell door in response to Plaintiff attempting to pass earbuds to the cell next door. CO Strack ordered Plaintiff to go to the back of his cell and kneel on the concrete floor to receive his food. He also took the nutraloaf out of its paper wrapping and put it on a paper plate for Plaintiff. CO Kraujalis (not a defendant) put the paper plate in the lower trap of Plaintiff's cell door, and the nutraloaf spilled onto the floor and became unsanitary and inedible. Plaintiff asserts that CO Strack put these restrictions on Plaintiff's cell door without consulting his supervisor, Supervisor Yang (not a defendant). (Am. Compl. at 4.)

Plaintiff requested to speak to the sergeant. Supervisor Yang reviewed the restrictions and decided they were not appropriate. According to Plaintiff, the purpose of a restriction is to correct inappropriate conduct. Supervisor Yang explained that Plaintiff did not need to go on a "back of cell and kneel" restriction because Plaintiff did not threaten to hold the trap and that Plaintiff did not have to go on a "nutraloaf" restriction because he did not misuse a bag meal. Supervisor Yang took both restriction tags off of Plaintiff's cell door. After Supervisor Yang left, CO Strack put

3

both restriction tags back on Plaintiff's cell door.  The "back of cell and kneel" and "nutraloaf" restrictions were enforced for six more days.  Plaintiff only attempted to eat the nutraloaf meals two times, but he could not eat it for all of the meals because nutraloaf is "putrid."  On June 18, 2025, Sgt. Bamke (not a defendant) took down the "back of cell and kneel" restriction.  (*Id.* at 4–5.)

On July 8, 2025, CO Strack wrote a conduct report accusing Plaintiff of damage and alteration of property and endangering safety for breaking his earbuds.  Plaintiff was found not guilty of the disciplinary charges.  Plaintiff's earbuds were never returned to him.  (*Id.* at 5.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law."  *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that CO Strack retaliated against him.  To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action."  *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).  Plaintiff alleges that, after he engaged in protected activity by speaking with a sergeant about the restrictions and Supervisor Yang removed them, CO Strack placed the restrictions back on Plaintiff's cell door.  He also asserts that CO Strack issued false disciplinary charges against him.  Based on these allegations, Plaintiff may proceed on a First Amendment retaliation claim against CO Strack.

4

Plaintiff asserts that CO Strack violated his Fourteenth Amendment right to due process by issuing false, unjustified disciplinary charges in a conduct report. A claim that a prison official falsified information related to conduct reports implicates procedural due process. *See Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006). Although CO Strack issued Plaintiff a conduct report, Plaintiff was found not guilty of the conduct report. The dismissal of the conduct reports indicates that Plaintiff received the procedural protections he was owed. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).

Plaintiff also alleges that his earbuds have not been returned to him. "[N]egligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable . . . ." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("negligent conduct by a state official does not implicate the Due Process Clause"). Even if Plaintiff's earbuds were intentionally lost or destroyed, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. The Seventh Circuit has long recognized that Wisconsin's postdeprivation remedies are adequate for redressing lost property. *See Greeno v. Litscher*, 13 F. App'x 370, 376–77 (7th Cir. 2001) (citing Wis. Stat. §§ 893.35 and 893.51). While Plaintiff may pursue a state law claim in state court in connection with the alleged loss of his property, he may not proceed on a constitutional claim in federal court. In sum, Plaintiff may not proceed on a Fourteenth Amendment claim.

Plaintiff asserts that CO Strack was deliberately indifferent to Plaintiff's physical health and basic human needs because Plaintiff was forced to eat "putrid" nutraloaf. The Eighth Amendment requires that prison officials provide for a prisoner's basic necessities, such as food,

clothing, and shelter. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The fact that Plaintiff did not find the nutraloaf the institution provided appetizing does not amount to a violation of the Eighth Amendment. *See Barrett v. Armor Corr. Health Inc.*, No. 20-cv-1128, 2020 WL 13199710, at *2 (E.D. Wis. Oct. 29, 2020); *Northington v. Payne*, No. 12-cv-396, 2012 WL 4832264, at *2–3 (N.D. Ind. Oct. 9, 2012). In short, Plaintiff may not proceed on an Eighth Amendment claim against CO Strack.

Finally, Plaintiff asserts that James Kent, James Koehler, Tonia Rozmarynoski, Jared Hoy, Christopher Stevens, and Jodene Perttu failed to correct CO Strack's behavior and to train him to adhere to proper policies and procedures. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Plaintiff does not allege that these defendants knew of or were personally involved in the deprivations of his constitutional rights. In addition, a failure to train claim is not cognizable against these individuals. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) ("[F]ailure to train claims are usually maintained against municipalities, not against individuals . . . . (internal quotation marks and citation omitted)). Therefore, James Kent, James Koehler, Tonia Rozmarynoski, Jared Hoy, Christopher Stevens, and Jodene Perttu will be terminated as defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 6) is **DENIED as moot**.

6

**IT IS FURTHER ORDERED** that James Kent, James Koehler, Tonia Rozmarynoski, Jared Hoy, Christopher Stevens, and Jodene Perttu are **TERMINATED** as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dominic Strack.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dominic Strack shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

7

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on June 17, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

8